■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JAMES D. BROWN, Respondent.—Order unanimously reversed, on the law, and motion denied. Memorandum: The warrantless arrest of defendant in his home on probable cause, but without exigency, violated the 4th Amendment *(Payton v New York,* 445 US 573). Following the arrest, defendant was escorted to a police vehicle and given his *Miranda* warnings. Thereafter, defendant was neither questioned nor otherwise engaged in conversation by the police. Nevertheless, while riding in the police vehicle and subsequently at police headquarters, defendant made several incriminating statements, some of which were heard by a civilian witness.

The hearing court suppressed defendant's statements and the People appeal. The issue presented is whether the statements were obtained through exploitation of defendant's illegal arrest *(see, Rawlings v Kentucky,* 448 US 98; *Brown v Illinois,* 422 US 590; *Wong Sun v United States,* 371 US 471).

It is first observed that had defendant been arrested in a public place, his statements would be admissible at trial. Since

the arrest was illegal under *Payton v New York* (445 US 573, *supra)* only because the police impermissibly entered defendant's home to effect it, suppression is not required unless there is a causal connection between the illegal entry and the making of the statements *(People v Graham,* 90 AD2d 198, 202, *cert denied* 464 US 896, *reh denied* 464 US 1005). Here, the illegal entry bears no causal relationship to defendant's spontaneously volunteered statements. Although the statements were temporally proximate to defendant's arrest, that factor alone is not controlling *(Rawlings v Kentucky, supra).* The suppression court correctly found that there was no purposefulness to the police action in entering the home beyond effecting the arrest of defendant *(cf. Brown v Illinois, supra).* Not only was defendant advised of his *Miranda* rights, but at no time during the encounter did the police make any attempt, by words or conduct, to encourage or prompt defendant to make any statement. Thus it was error to suppress his statements. (Appeal from order of Supreme Court, Erie County, Francis, J.—suppression motion.) Present—Dillon, P. J., Callahan, Denman, Balio and Lawton, JJ.